IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH DEES a/k/a JOSEPH LEE,

    Defendant.

Criminal No. 11-0110
ELECTRONICALLY FILED

### Memorandum Order re: Government's Motion in Limine (doc. no. 83)

## I. Introduction

The Government moves to prohibit cross-examination of its witness, Mr. Calvin Smith, regarding his prior felony convictions which occurred over ten years ago. The Court heard oral argument on the Motion prior to voir dire on November 13, 2012. After careful consideration of the arguments presented on the record, the Government's Motion in Limine to Limit Cross-Examination of Government Witness (doc. no. 83) will be **GRANTED in PART and DENIED in PART**.

## II. Standard of Review

Federal Rule of Evidence 609 provides, in relevant part, that:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> >
> > > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> > >
> > > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

>> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.
>
> (b)Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

**III. Discussion**

Preliminarily, the Court finds that Defendant complied with Federal Rule of Evidence 609(b)(2) by providing written notice as soon as the issue arose, and in sufficient time to allow the Government to file the instant Motion. Therefore, the remaining analysis is centered on Rule 609(b)(1).

As stated above, the Government argues that Defendant should be limited in his cross-examination of Government witness Smith. Specifically, the Government argues that because certain convictions of Defendant: are greater than ten years old, are not relevant, and are too prejudicial, that cross-examination should, accordingly, be limited thereon.

When analyzing whether evidence under Rule 609(b)(1) is admissible, the Court, must consider the following factors: "[1] the kind of crime involved; [2] when the conviction occurred; [3] the importance of the witness' testimony to the case; [4] the centrality of the witness' credibility; [5] the impeachment value of the prior crime; and [6] the similarity of the past crime to the case *sub judice*." *Pettijohn v. Wusinich,* 705 F.Supp. 259, 260 (E.D. Pa. 1989) (citing *United States. v. D'Agata,* 646 F.Supp. 390, 391 (E.D.Pa. 1986)); *see United States v.*

*Johnson,* 388 F.3d 96, 103-04 (3d Cir. 2004); *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982).

Indeed, Mr. Smith has a significant conviction record including several felony convictions older than ten years. Those convictions which occurred over ten years ago include burglary, unlawful possession of a firearm, possession of cocaine, and corruption of minors.[1] The Court has carefully reviewed Mr. Smith's Pre-Sentence Investigation Report, filed at Crim. No. 11-176, Doc. No. 65, which includes detailed descriptions of the crimes to which Mr. Smith has pled, or had otherwise been found guilty. After analyzing the six factors set forth in *Pettijohn*, the Court finds that with the exception of the corruption of minor offense, the other convictions are admissible under Rule 609.

Of the six factors, the Court finds that factors three, four, and five all weigh heavily in favor of admissibility of the evidence. Mr. Smith's testimony is crucial to the Government's case, and therefore his credibility will play a critical role in the jury's determination of guilt or not guilty. Furthermore, each crime of the "dated" crimes individually, have a high impeachment value, and when considered in combination with other crimes (those committed less than ten years ago), these crimes collectively bear on Mr. Smith's credibility.

Defendant argues that the corruption of minors charge has now become relevant because it goes to the issue of whether Mr. Smith, being convicted of a violent crime against a minor, could have been intimidated by Defendant, a fact which the Government seeks to prove through the introduction of letters allegedly written by Defendant to Mr. Smith. The Court finds that given the age of the offense, combined with the potential prejudice resulting therefrom, and the

---

[1] Although the Government does not specifically yet object to introduction of all of these convictions, and confines its argument to the corruption of minors conviction, the Court will still set forth its rulings on thereon.

tenuous connections between the claim of intimidation and the sexual assault, it is not admissible. More specifically, factor one weighs against allowing cross-examination about this crime. Furthermore, the crime occurred fifteen years ago, and accordingly factor two weighs against allowing cross-examination about this crime. Additionally, the crime at issue was vastly different than the one *sub judice*, and therefore factor six weighs against allowing cross-examination about this crime. The Court finds that allowing cross-examination about this crime is also prejudicial under Rule 403. The fact that a witness sexually abused a young woman would make the jury likely not to believe Mr. Smith solely because of the grotesque nature of the crime.

The burglary and illegal possession of a firearm crimes, on the other hand, do tend to show Mr. Smith's propensity for violence. For example, during one of the burglaries, Mr. Smith struck a man in the head with an 18-inch crowbar. While being arrested for illegal possession of a firearm, he struck and kicked police officers causing injury to the officers. The Court finds that in juxtaposition to evidence that Mr. Smith was intimidated by Defendant, Defendant should have the ability to cross-examine Mr. Smith on these facts. Thus, the first factor weighs in favor of admitting these crimes. However, the crimes occurred over twenty years ago, which weighs against allowing cross-examination about these crimes. The crimes are not similar to the offense *sub judice*, and therefore the sixth factor weighs against allowing cross-examination about these crimes. Unlike the child sex crime, given the other numerous similar convictions, the Court finds no undue prejudice by allowing cross-examination about these crimes. When weighing all six factors, factors one, three, four, and five weighing in favor of admission, the Court finds that "[their] probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Fed.R.Evid. 609(b)(1).

Finally, as to the drug offense, the Court finds that five of six factors weigh in favor of allowing cross-examination about the crime. The crime is similar to the one *sub judice* because it involves the same controlled substance at issue in this case and Mr. Smith's possession of the substance could go to the credibility of his testimony. Thus, factors one and six weigh in favor of allowing cross-examination about the crime. However, the crime occurred fourteen years ago, which weighs against allowing cross-examination about the crime. When weighing all six factors, factors one, three, four, five, and six weighing in favor of admission, the Court finds that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *Id*.

**IV. Order**

**AND NOW**, this 13th day of November, 2012, **IT IS HEREBY ORDERED** that the Government's Motion in Limine to Limit Cross-Examination of Government Witness (doc. no.83) is **GRANTED in PART and DENIED in PART**. Mr. Smith may be cross-examined about all of his prior felony convictions except the corruption of a minor offense.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record