IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JOSEPH DEES a/k/a JOSEPH LEE,

      Defendant.

Criminal No. 11-0110
**ELECTRONICALLY FILED**

### Memorandum Order re: Government's Motion to Reconsider Tentative Findings (doc. no. 123)

## I. Introduction

Currently before the Court is the Government's Motion for Reconsideration (doc. no. 123) and Defendant's Response thereto (doc. no. 127). The Government seeks reconsideration of the Court's Tentative Findings and Rulings (doc. no. 122) which tentatively found that Defendant is not a career offender for purposes of the United States Sentencing Guidelines. For the reasons set forth below, the Government's Motion for Reconsideration (doc. no. 123) will be DENIED.

## II. Standard of Review

When considering a Motion to Reconsider in a criminal case, this Court has previously held that:

> Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the United States District Court for the Western District of Pennsylvania provide for a "motion to reconsider" a dispositive ruling. Nevertheless, the court is of the opinion that the court has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8, (1976).

> A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

*McCloy v. United States*, 2012 WL 2685189, *1 (W.D. Pa. July 6, 2012) (quoting *United States v. Korey,* 2009 WL 1940381, *1 (W.D. Pa. June 30, 2009) (Lancaster, J)) (parallel citations omitted).

### III. Discussion

#### A. Ability of Government to Introduce Evidence

The Government's Motion for Reconsideration is partially based on an incorrect reading of the Court's Tentative Findings and Rulings. The Court's Tentative Findings and Rulings does not prohibit the Government from introducing evidence at the sentencing hearing in order to satisfy its burden of proof that Defendant is a career offender under the Guidelines. Instead, the Court merely noted that the Government had not indicated its intent to provide any such evidence to the Court, and the sentencing memorandum did not even mention the issue. Defendant argues, however, that the Government should be barred from presenting any additional evidence to prove that Defendant is a career offender. However, Defendant, having objected to the career offender designation, and thereby putting the Government to its burden of proof on that designation, was therefore aware of the Government's position regarding the applicability of the career offender guideline. Defendant will not be unduly prejudiced by the introduction of evidence, that is limited in scope (in the form of a transcript of a plea hearing

from the guilty plea hearings regarding Paragraphs 46, 48 and 56) supporting the career offender designation.[1] The Court, in its discretion, will allow such evidence to be presented.

### B. Fleeing and Eluding Conviction

#### 1. Felony Conviction

Defendant argues that the conviction in paragraph 56 of the Presentence Investigation Report cannot qualify as a violent felony because it is ordinarily a second degree misdemeanor. *See* 75 Pa. C.S. § 3733(a.2)(1). This argument is without merit. Section 4B1.2(a) defines crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year . . ." Under Pennsylvania law, a second degree misdemeanor, the lowest grading for a crime committed in violation of 75 Pa. C.S. § 3733, is punishable by "a fine of not less than $500 nor more than $5,000, or imprisonment not exceeding two years, or both." 30 Pa. C.S. § 923(a)(6). Thus, if Defendant's conviction meets the requirements of Section 4B1.2(a)(1) or (a)(2), it is a violent felony for the purposes of Section 4B1.1. See *United States v. Hopkins*, 577 F.3d 507 (3d Cir. 2009).

#### 2. Modified Categorical Approach

As to the Government's request to reconsider the Court's decision regarding the fleeing and eluding conviction (paragraph 56 of the Presentence Investigation Report), the Court has recently explained its rationale for declining to apply the categorical approach to such convictions and instead apply the modified categorical approach. *United States v. Comer*, 2013 WL 1857517, *2-3 (W.D. Pa. May 2, 2013). In *Comer*, this Court previously analyzed and distinguished *United States v. Jackson*, 495 F. App'x 224 (3d Cir. 2012), the case on which the Government relies, because in *Jackson* transcripts from the state court change of plea hearing

---

[1] Testimony from Probation Officer as to the nature of the offenses, and the result of its investigation is therefore not appropriate for consideration by this Court.

were introduced into evidence, while no such evidence was introduced in *Comer*. *Id*. at *3 (citing *Jackson*, 495 F. App'x at 226). Therefore, as discussed *infra*, Defendant's conviction does not qualify as a violent felony on the record currently before the Court.

### 3. Judicial Estoppel

The Government's contention that Defendants' failure to object to the description of the offense in prior Presentence Investigation Reports judicially estops him from challenging the correctness of the description is without merit.

"Judicial estoppel is a judge-made doctrine that seeks to prevent a litigant from asserting a position inconsistent with one that [it] has previously asserted in the same or in a previous proceeding." *MD Mall Assocs., LLC v. CSX Transp., Inc.*, 715 F.3d 479, 486 (3d Cir. 2013) (quoting *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 272 (3d Cir. 2012)) (alteration in original). Judicial estoppel "typically applies when, among other things, a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 170 (2010) (internal quotation marks and citation omitted). "[The Court of Appeals for the Third Circuit] ha[s] consistently stated that the doctrine should only be applied to avoid a miscarriage of justice." *MD Mall Assocs.*, 715 F.3d at 486 (quoting *Krystal Cadillac–Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003)).

In order for judicial estoppel to apply "there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient." *Id*. (quoting *G–I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009)). "Absent success in a prior proceeding, a party's later inconsistent position

4

introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (internal quotation marks and citations omitted).

In this case, the Government fails to satisfy any of the three elements of the *G-1 Holdings* test. First, the positions Defendant has taken are not irreconcilably inconsistent. The descriptions in his prior Presentence Investigation Reports in no manner impacted his Guideline range, and thus it would not be inconsistent to forego challenging the descriptions in the prior cases while challenging the description in this case. Second, there is no evidence that the positions were taken in bad faith. Defendant was likely not aware that the descriptions in the Presentence Investigation Reports could later be used to argue for a career offender designation and he is represented by new counsel in this case. Finally, estoppel is a drastic remedy when the outcome is increasing Defendant's Guideline range by over ten years. Therefore, the remedy sought by the Government is incongruous with the level of any alleged inconsistency by Defendant.

### 4. Rule 801(d)(2)(B)

To the extent that the Government argues that the statements in the prior Presentence Investigation Reports (and Defendant's silence thereon) are admissible under Fed. R. Evid. 801(d)(2)(B), the Court rejects that argument. The United States Court of Appeals for the Third Circuit has explained that:

> [u]nder Rule 801(d)(2)(B), a statement is not hearsay if "the statement is offered against a party and is . . . a statement of which the party has manifested an adoption or belief in its truth." Whether a statement is admissible as an adoptive admission turns on (1) whether the statement was such that, under the circumstances, an innocent person would deny the statements and (2) whether there are sufficient foundational facts from which the jury may infer that the defendant heard, understood, and acquiesced in the statement. Under the rule, "[a]doption or acquiescence may be manifested in any appropriate manner. When

5

silence is relied upon, the theory is that the person would, under the circumstances, protest the statement made in his presence, if untrue." Fed. R. Evid. 801 advisory committee notes.

*United States v. Lafferty*, 503 F.3d 293, 306 (3d Cir. 2007) (ellipsis and second alteration in original).

The Court finds that, under the circumstances, even an innocent defendant would not have objected to the statements in the Presentence Investigation Report unless they impacted his or her Guideline range. Therefore, the statements in the Presentence Investigation Report (and the Defendant's silence thereon) are not admissible under Rule 801(d)(2)(B).

### 5. Conclusion

In this case, as in *Comer*, the Government has produced no evidence to support its contention that Defendant's conviction for fleeing and eluding qualifies as a crime of violence under Section 4B1.1 of the Guidelines. The Government carries the burden of proving, by a preponderance of the evidence, that Defendant is a career offender. *United States v. Hopkins*, 577 F.3d 507, 514 (3d Cir. 2009). Without production of any evidence, the Government has failed, at this point, to satisfy its burden that the actions by Defendant in relation to his conviction for fleeing and eluding arise to the level of a violent felony under the career offender Guideline.[2] There has been no intervening change in law, new evidence, or a clear error of law or fact. *Max's Seafood Café*, 176 F.3d at 677. Accordingly, the Government's Motion for Reconsideration will be denied.

---

[2] On July 12, 2013, the Probation Office filed its Third Addendum (doc. no. 128) attaching documentation that Defendant was in custody within 15 years on the assault by a prisoner charge referenced in paragraph 48 of the PSR. That fact, although duly noted, does not relieve the Government of its burden to show by a preponderance of the evidence that the offense is a "violent felony," at the upcoming sentencing hearing.

**IV.     Order**

AND NOW, this 15th day of July, 2013, IT IS HERBEY ORDERED that the Government's Motion for Reconsideration (doc. no. 123) is DENIED.[3]

s/ Arthur Schwab  
Arthur J. Schwab  
United States District Judge

cc: All ECF Counsel of Record

---

[3] Of course, the parties are free to argue for a variance at the sentencing hearing. As it does in all cases, the Court will consider the parties evidence and arguments before making a final ruling.